## CLARA FALK AND ANOTHER v. POUCHER PRINTING & LITHOGRAPHING COMPANY.[1]

November 26, 1926.

Nos. 25,605, 25,606.

**No misconduct of counsel.**
1. There was no misconduct of counsel in asking a certain question of prospective jurors, nor in ascertaining from defendant that it was without insurance on the automobile that caused the injuries for which a recovery was sought.

**Verdicts not excessive.**
2. The verdicts cannot be disturbed as excessive.

Appeal and Error, 4 C. J. p. 872 n. 19; p. 969 n. 56.
Juries, 35 C. J. p. 394 n. 36.

[1]Reported in 210 N. W. 997.

Defendant appealed from an order of the district court for Hennepin county, Nordbye, J., denying its motion for a new trial. Affirmed.

*Snyder, Gale & Richards,* for appellant.

*I. W. Stark,* for respondents.

PER CURIAM.

Actions by Clara Falk and her husband for damages on account of injuries received by Clara when run into by defendant's automobile, operated by its servant, as she was crossing Third street on Nicollet avenue, Minneapolis. She had a verdict for $1,400 and her husband for $500. Defendant's appeal, from the order denying a new trial, presents two assignments of error, viz., misconduct of counsel for plaintiff and excessive damages.

Clearly it was neither improper nor prejudicial to defendant to ascertain that it had no insurance protection; and plaintiffs were within their rights when inquiring of the jurors impaneled whether anyone was in the employ of insurance companies.

The actual expenses of the husband because of his wife's injuries come so near approaching the amount of his verdict that no question of excessiveness can well be raised. The verdict in favor of the wife appears very liberal in view of the fact that the threatened serious consequence, due to her condition, was averted. But we are unable to say upon this record that the jurors were actuated by passion or prejudice. Her attending physician, and he was the only medical witness, did not in any manner attempt to magnify her injuries. The trial court has approved the verdict as to amount and we think it is not so clearly excessive that an appellate court should disturb it.

The order is affirmed.